**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| DEWAYNE GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  8:11-cv-1179 |
| vs. ) | |
| ) | |
| DIVERSIFIED COLLECTION ) | **JURY DEMAND ENDORSED HEREON** |
| SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DEWAYNE GAINES, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, DIVERSIFIED COLLECTION SERVICES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Silver Spring, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of California, which is licensed to do business in Maryland and which has its principal place of business in San Leandro, California.

## ALLEGATIONS

8. On or about November 1, 2010, Defendant's representatives and/or employees began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt. During some communications with Plaintiff, Defendant's representatives and/or employees used abusive language, including yelling and screaming at Plaintiff and telling Plaintiff, "No matter what, we'll get our money."

9. Despite the fact that they knew where to contact Plaintiff, Defendant's representatives and/or employees contacted Plaintiff's neighbor and co-workers by telephone and disclosed to them that Plaintiff owed an alleged debt.

10.     In addition, Defendant's representatives and/or employees placed telephone calls to Plaintiff at his place of employment after Plaintiff had notified them that his employer prohibited him from taking calls of that nature while he was working.

11.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a.  Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

   b.  Communicating with Plaintiff at his place of employment after he advised Defendant that his employer prohibited him from receiving such phone calls while he is working, in violation of 15 U.S.C. § 1692c(a)(3);

   c.  Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   d.  Using language, the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2); and

   e.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment and emotional distress.

WHEREFORE, Plaintiff, DEWAYNE GAINES, respectfully prays for a judgment against Defendant as follows:

   a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.      Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com